IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAILA SARCEDO, | CIVIL NO. 21-00086 JAO-KJM |
| Plaintiff, | ORDER REMANDING CASE |
| vs. | |
| ERIN ASATO, et al. | |
| Defendants. | |

**ORDER REMANDING CASE**

Pro se Plaintiff Waila Sarcedo ("Plaintiff") "removed" this case from the Family Court of the First Circuit, State of Hawaiʻi on February 11, 2021. This case must be remanded for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1441, a *defendant* may remove a civil action brought in a state court to federal district court if the district court has original jurisdiction. *See Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006). "Removal . . . statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'" *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Serv. LP*, 533

F.3d 1031, 1034 (9th Cir. 2008)); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." (quoting *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam))); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). Courts should presume that a case lies outside the limited jurisdiction of the federal courts. *See Hunter*, 582 F.3d at 1042.

As best the Court can discern, Plaintiff is attempting to remove a 2018 family court case concerning the termination of her parental rights with a trial date of March 22, 2021.[1] ECF No. 1 at 13–14. Although Plaintiff has not identified the legal bases entitling her to removal, it is improper under § 1441. First, the limited record before the Court suggests that Plaintiff is not a "defendant" in the family court proceedings.[2] *Id.* Section 1441 expressly limits the right of removal to defendants. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

---

[1] In her initial filing, she also asserts claims against Defendants in support of her removal and identifies herself as a plaintiff. ECF No. 1 at 2–4. Removal is not the proper mechanism to present such claims which, if anything, could potentially be the subject of a separate lawsuit.

[2] The case caption is "In the Interest of [minor children]." ECF No. 1 at 13.

removed by the defendant or the defendants."); *see also* 28 U.S.C. § 1446 (discussing requirements for *defendants* wishing to remove civil actions from state courts to federal court).

Moreover, federal courts do not have original jurisdiction over family court proceedings concerning parental rights. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." (footnotes omitted)). For these reasons, removal is improper.[3] The Court accordingly remands the case for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

## CONCLUSION

Based on the foregoing, the Court REMANDS this case to the Family Court of the First Circuit, State of Hawaiʻi.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, February 17, 2021.



Jill A. Otake
United States District Judge

Civil No. 21-00086 JAO-KJM; *Sarcedo v. Asato, et al.*; ORDER REMANDING CASE

---

[3] Plaintiff also failed to comply with § 1446's procedural requirements, but it is unnecessary to address the deficiencies because jurisdiction is lacking.